```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
WILLIAM CELADON                         :
                                        :
                                        :
v.                                      :   CIV. NO. 3:09CV404 (HBF)
                                        :
HOME DEPOT, U.S.A., INC.                :
                                        :
                                        :
v.                                      :
                                        :
GARY NEWMAN                             :
                                        :
```

<u>RULING ON PENDING MOTIONS</u> **[DOC. #87, 88, 89]**

Third party Home Depot, USA, Inc. seeks dismissal and/or an order staying these proceedings and an order to enforce arbitration. **[Doc. #87, 88, 89]**.

<u>Background Facts</u>

On March 5, 2009, plaintiff William Celadon brought an action against Home Depot U.S.A. Inc. to recover damages for injuries suffered in a fall in the parking lot of a Home Depot store at 1580 Litchfield Turnpike, New Hartford, Connecticut. Celadon alleged that his fall and injuries were caused by an accumulation of ice and snow. Home Depot removed the action from the Connecticut Superior Court to the United States District Court on March 11, 2009, on the basis of diversity of citizenship, alleging that the amount in controversy exceeded the minimal jurisdictional amount. [Doc. #1].

On February 5, 2010, Home Depot U.S.A., Inc. filed a Third-Party Complaint against Gary Newman d/b/a Johnny's Plowing and Sweeping, alleging a duty to indemnify and defend Home Depot for

the claims related to snow and ice removal at the store during the contract period. Home Depot alleged, in pertinent part, that if plaintiff sustained injuries due to a failure to remove snow and ice from the parking lot of the store, such injuries would be due to the negligence of the third-party defendant in failing to perform and breaching his contractual duties.[1] Appended to the Third-Party complaint is a copy of the Subcontractor Agreement, dated May 12, 2006, between Tower Cleaning Systems, d/b/a U.S. Maintenance, and Gary Newman for exterior maintenance at the Home Depot store at 1580 Litchfield Turnpike, New Hartford, CT. The Third-Party Complaint at paragraph 4 states, "At all time mentioned herein, Home Depot through Tower Cleaning Systems, Inc. d/b/a U.S. Maintenance, subcontracted with Gary Newman for snowplowing, snow removal, ice removal and de-icing services at the store." [Doc. #42]. Also appended to the Third-Party complaint is a copy of "Exhibit A: Specifications for Seasonal Pricing-6 Payments" to "Home Depot Snow Maintenance Contractors from US Maintenance for the 2007-08 Season. The "Amendment" was entered into between Johnny's Plowing and US Maintenance on September 11, 2007.[2] [Doc. #42-3]. The "Amendment" was signed by

---

[1] In Count One of the Third-Party Complaint, Home Depot seeks money damages for "all expenses and/or losses and any settlements or awards related to the plaintiff's claims." [Doc. #42, Count One at ¶7]. In Count Two, Home Depot seeks "indemnification of all expenses as losses related to the claims of the plaintiff." Id. Count Two at ¶8],

[2] The parties to the Amendment for the 2007-08 Snow Season are Gary Newman on behalf of Johnny's Plowing and Sweeping and US Maintenance.

2

Gary Newman on behalf of Johnny's Plowing and Sweeping. Id.

The "Subcontractor Agreement" between Tower Cleaning Systems, Inc. d/b/a U.S. Maintenance, and Gary Newmancontains an "Indemnification" provision which states,

> To the fullest extent permitted by applicable law, you shall defend and hold harmless <u>us and our customers and our and our customer's</u> respective officers, directors, employees, agents, shareholders, partners, join venturers, affiliates, successors and assigns("Indemnified Parties") from and against any and all liabilities, obligation, claims, demands, causes of action, losses, expenses, damages, fines, judgments, settlements, and penalties, including without limitation, costs, expenses and attorneys' fees incident thereto, arising out of, based upon, occasioned by or in connection with:
>
>> (1) Your performance of (or failure to perform) your duties under this Agreement;
>> (2) a violation of any law or any negligence, gross negligence or willful misconduct by you or your affiliates, subcontractors, agents or employees during either your performance you your [sic] duties under this agreement or otherwise while you are on the property of one of our customers;
>> (3) Damage to property and injuries, including without limitation death, to all person, arising from any occurrence caused

---

1. You are an experienced snow removal company that desires to provide service on behalf of us at one or more Home Depot store locations.

2. We agree to assign to one or more Home Depot locations subject to your compliance with all terms of your Contractor Agreement, as amended herein.

[Doc. #42-3].

3

>                    by an act or omission of you or
>                    your personnel related to the
>                    performance of this Agreement.
>                    (4) Your breach of any of the
>                    representations, warranties
>                    covenants or obligations contained
>                    in this Agreement.
>               . . . .
>
>               The indemnification obligation specified in
>               this paragraph shall be construed so as to
>               extend to all legal, defense and
>               investigation costs, as well as other costs,
>               expenses, and liabilities incurred by the
>               Indemnified Parties, including but not
>               limited to interest, penalties, and fees of
>               attorneys and accountants (including
>               expenses), from and after the time when any
>               Indemnified Party receives notification
>               (whether verbal or written) that a claim or
>               demand has been made or is to be or may be
>               made.
>
>               Except as otherwise provided by law, the
>               Indemnified Parties' right to indemnification
>               under this paragraph shall not be impaired or
>               diminished by any act, omission, conduct,
>               misconduct, negligence or default (other than
>               gross negligence or willful misconduct) of
>               the Indemnified Parties.

[Doc. 89, Ex. A ¶5B (emphasis added)].

The "Subcontractor Agreement" between Tower Cleaning Systems, Inc. d/b/a U.S. Maintenance, and Gary Newan contains an "Arbitration" provision which states,

>               All disputes, controversies and claims of any
>               kind arising out of or relating to this
>               Agreement or the rights and obligations of
>               the parties shall be settled through
>               arbitration by the American Arbitration
>               Association at its Philadelphia, Pennsylvania
>               office, in accordance with the Federal
>               Arbitration Act and the Commercial
>               Arbitration Rules.  This provision shall
>               survive the termination or expiration of this
>               Agreement. Nothing contained herein shall
>               prevent us from applying to and obtaining
>               from any court having jurisdiction, a

> temporary or preliminary injunction, and/or
> other emergency relief to enforce our rights
> and your obligations under this Agreement
> prior to the filing of any arbitration
> proceeding or pending the trial, or rendering
> of a decision or award pursuant to any
> arbitration proceeding conducted hereunder.

[Doc. 89, Ex. A ¶10A (emphasis added)].

On July 31, 2010, Tower Cleaning Systems, Inc. d/b/a U.S. Maintenance, filed a "Demand for Arbitration" with the American Arbitration Association, [doc. #90, Ex. 1], against Gary Newman d/b/a Johnny's Plowing & Sweeping, stating, "[t]he named claimant, a party to an arbitration agreement dated May 21, 2006 which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration." Id. "THE NATURE OF THE DISPUTE: Breach of contract-plaintiff seeks defense and indemnification related to the defenses of Home Depot, USA, Inc., in the underlying action of William Celadon (United States District Court for the District of Connecticut; No. 3:09-CV-00404)." Id. "Dollar Amount of Claim: Not to exceed $75,000.00" Id. Tower Cleaning Systems, Inc. d/b/a U.S. Maintenance also seeks attorneys' fees and arbitration costs. Id.

On July 22, 2010, Celadon, for the sum of $52,000, discharged any claims against U.S. Maintenance, Inc. f/k/a Tower Cleaning Systems, Inc., The Home Depot Stores, The Home Depot USA, The Home Dept, N.A. and Liberty Mutual Insurance Company. [Doc. #87-1], thereby settling the action Celadon v. Home Depot U.S.A. Inc., 09CV404 (HBF). The General Release further

5

provided,

> This release does not preclude U.S.
> MAINTENANCE, INC. F/K/A TOWER CLEANING
> SYSTEMS, INC., THE HOME DEPOT STORES, THE
> HOME DEPOT USA, THE HOME DEPOT, N.A. and
> LIBERTY MUTUAL INSURANCE COMPANY from
> pursuing any and all claims it may have
> against Gary Newman d/b/a Johnny's Plowing &
> Sweeping and Travelers Indemnity Company,
> including but not limited to claims arising
> in connection with William Celadon's personal
> injury claim which is the subject of this
> General Release.

[Doc. #87-1].

DISCUSSION

Home Depot filed three separate motions after settling with William Celadon. First, Home Depot seeks dismissal of the third party complaint contending the case, since settlement, is divested of federal jurisdiction. It claims that the amount in controversy of this indemnification is $52,000, exclusive of costs and interest. Home Depot seeks to recover costs of $22,000 or $74,000 total which, it states, is "below the minimum threshold in controversy." **[Doc. #87]**.

Home Depot's second motion seeks dismissal without prejudice, pursuant to Fed. R. Civ. P. 41, to "pursue arbitration of its indemnification claim pursuant to the binding contractual indemnification provision of the contract between the parties." **[Doc. #88]**.

Finally, Home Depot's third motion seeks a stay of these proceedings and an order enforcing arbitration. **[Doc. #89]**.

6

Diversity Jurisdiction

Home Depot argues that this case "is not properly in the Federal Court for as soon as the underlying action settled for less than $75,000 this case no longer met the minimal Federal diversity jurisdictional limit . . . ." [Doc. #88 at 4].

Diversity jurisdiction exists only where there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction may be established based on the record as whole, including supplemental affidavits, despite the fact that a complaint may not adequately state requisite facts to satisfy 28 U.S.C. § 1332. <u>Canedy v. Liberty Mutual Insurance Co.</u>, 126 F.3d 100, 103 (2d Cir. 1997).

There is no dispute that Celadon settled his dispute with Home Depot, USA Inc. for $52,000, well below the amount in controversy threshold. Even if the Court includes the expenses of $22,000 incurred in defending the case, the amount in controversy is still less than $75,000. Third-party defendant Gary Newman d/b/a Johnny's Plowing & Sweeping does not dispute this calculation. [Doc. #91 at 5]. Instead, Third-Party defendant urges the Court to exercise supplemental jurisdiction and proceed with a trial on the merits.

The Court has considered the record and the amount of the settlement and dismisses this action for failure to satisfy the minimum amount in controversy required for diversity jurisdiction. The Court declines to exercise supplemental jurisdiction.

Accordingly, Home Depot's Motion to Dismiss **[Doc. #87]** is **GRANTED**.

CONCLUSION

For the reasons stated, Third-Party plaintiff Home Depot's Motion to Dismiss **[doc. #87]** is **GRANTED**.

The Motion to Dismiss **[Doc. #88]** and Motion to Stay and Enforce Arbitration **[Doc. #89]** are **DENIED** in light of the dismissal for lack of diversity jurisdiction.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #68] on April 21, 2010, with appeal to the Court of Appeals.

Entered at Bridgeport this 20th day of December 2010.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE